UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Titus William Linville and
Shannon Marie Linville,

No. 7-09-14121 JA

Debtors.

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the Motion of the United States Trustee to Dismiss Case Pursuant to 11 U.S.C. §707(b)(1) Based on the Presumption of Abuse Arising Under 11 U.S.C. §707(b)(2) and the Totality of the Circumstances Under 11 U.S.C. §707(b)(3) ("Motion to Dismiss")(Docket No. 16). Debtors' Objection to UST Motion to Dismiss was filed December 7, 2009 ("Debtors' Objection")(Docket No. 19). The Court held a final hearing on the Motion to Dismiss on October 5, 2010 and took the matter under advisement.

The United States Trustee (the "Trustee") seeks dismissal of the Debtors' Chapter 7 Case based on the presumption of abuse. In his Motion to Dismiss, the Trustee contends that while the Debtors' means test calculation shows monthly disposable income that does not give rise to the presumption of abuse, the Debtors miscalculated certain allowable deductions on their Official Form 22A and deducted amounts for their adult children's college expenses that should be disallowed. The Trustee asserts that the proper means test calculation results in disposable income sufficient to create a presumption of abuse in this case; consequently, the Debtors may only rebut the presumption by demonstrating special circumstances. He contends that the Debtors have not alleged any special circumstances. Finally, in the alternative, the Trustee contends that if the Court finds that the presumption of abuse does not arise, or that the Debtors have successfully rebutted the presumption of abuse, the Court should dismiss the case under 11 U.S.C. §707(b)(3) based on the totality of the circumstances.

Upon review of the evidence presented at trial and consideration of the applicable standards for dismissal under 11 U.S.C.§707(b), the Court finds the Motion to Dismiss should be granted because the presumption of abuse arises under section 707(b)(2) and the Debtors failed to present sufficient evidence to rebut the presumption.[1] The Court, therefore, will enter an order granting the Motion and allowing the Debtors to file, within 20 days from the date of entry of the order, a motion to convert their case to one under Chapter 13. If the Debtors do not timely file a motion to convert, the Trustee may submit an order dismissing this case.

## I.  FACTS

1. The Debtors, Titus William Linville and Shannon Marie Linville, filed their voluntary petition under Chapter 7 of the Bankruptcy Code on September 11, 2009. The Debtors reside in Jamestown, New Mexico which is located in McKinley County.

2. Mr. Linville is a sheriff in McKinley County. Mrs. Linville is employed as a teacher at the McKinley County Schools.

3. On the petition date, the Debtors' three children were 17, 18 and 20 years old. At the present time the Debtors' children are all attending college at the University of New Mexico in Albuquerque.

4. Debtors filed their Schedules and Statement of Financial Affairs on the petition date, and reflected on their petition that their scheduled debts are primarily consumer debts as defined by 11 U.S.C.§101(8).

5. The Debtors' schedules reflect secured debts in the amount of $207,302.83; no priority debt; and unsecured debts in the amount of $110,236.84.

---

[1] Given its decision, the Court will not consider the Trustee's alternative argument that the Debtors' case should be dismissed under section 707(b)(3) applying the totality of the circumstances standard.

6. The Debtors' Schedule I discloses combined gross monthly income of $8,457.97 and net monthly income of $5,688.63.

7. The Debtors' Schedule J discloses total monthly expenses of $5,664.05, leaving net income over expenses in the amount of $24.58.

8. The Debtors' income exceeds the applicable median family income for a family of five in the State of New Mexico.[2]

9. On September 11, 2009, the Debtors also filed their Statement of Current Monthly Income and Means Test Calculation (Official Form 22A) and indicated that that presumption of abuse does not arise in their bankruptcy case.

10. Line 13 of the Debtors' Official Form 22A reflects annualized current monthly income for purposes of 11 USC §707(b)(7) in the amount of $120,642.12 which exceeds the applicable median family income for a family of five in New Mexico of $62,909.00.

11. Line 50 of the Debtors' Official Form 22A reflects monthly disposable income of $181.93.

12. The Trustee calculated the Debtors' monthly disposable income based on Current Monthly Income[3] ("CMI") and expenses allowable under 11 U.S.C. § 707(b)(2) to be $1,130.03. *See* Exhibit T-19, Line 51.

13. The Debtors claim $938.00 per month is allowable under a IRS Local Standards deduction for mortgage and rent expenses, in addition to their actual monthly home mortgage payments which total $1,290.35. *See* Exhibit T-19, Lines 35, 42A and 42B.

---

[2] As of the petition date, the median family income for a family of five in the State of New Mexico was $62,909.00. *See* Census Bureau Median Family Income by Family Size.
[3] Current monthly income is defined in 11 U.S.C. §101(10A).

-3-

14. The Debtors claim expenses on Line 35 in the amount of $1,000 per month incurred as contributions to their children's college educations as expenses allowable under 11 U.S.C. § 707(b)(2)(A)(ii)(II) for the care and support of a member of debtor's immediate family who is unable to pay for such expenses. Approximately two-thirds of that amount is for college expenses of the Debtors' children who were age 18 or older on the petition date.

15. The Debtors children can attend UNM's Gallup campus and live with their parents, and thereby save the expense of residing in Albuquerque where they each live in separate apartments. However, UNM's Gallup campus does not offer majors in the areas in which the children wish to obtain degrees.

16. In addition to the amount of the allowable deduction to be reflected on Line 35, the Trustee and the Debtors disagree on the amounts the Debtors should be allowed to deduct on Lines 20B, 23, 24, 25, 26, 34, 35, 42B, and 42C, of Debtors' Official Form 22A ("Debtors' Form22A"). The aggregate expense deductions that the Debtors claim on Lines 23, 24, 25, 26, 34, 42B, and 42C are less than the aggregate deductions the Trustee asserts are allowable for those expenses. *See*, Exhibit T-19.

17. The Trustee filed a Statement of Presumed Abuse on October 26, 2009.

## II. DISCUSSION

Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of Chapter 7. *See* 11 U.S.C. §707(b)(1). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") established the means test to determine whether a presumption of abuse arises in a debtor's bankruptcy case using a debtor's

-4-

current monthly income and certain allowed deductions. The presumption of abuse arises under certain prescribed circumstances where the debtor's current monthly income exceeds the median family income for the applicable state and family size. *See* 11 U.S.C. §707(b)(2)(A)(i).[4] Debtors are entitled to claim deductions as set forth in 11 U.S.C. §707(b)(2)(A)(ii),[5] which includes amounts established by the National Standards and Local Standards issued by the Internal Revenue Service for the debtor's area any other amounts.

The Debtors are individuals whose debts are primarily consumer debts and whose income exceeds the applicable median family income for a household of the same size. Therefore they are subject to the requirements of 11 U.S.C. §707(b)(2).[6] The Trustee contends that the Debtors miscalculated deductions for certain allowed expenses and claimed deductions for expenses on their Official Form 22A Statement of Current Monthly Income and Means Test Calculation ("Debtor's Form 22A") that should be disallowed. The crux of the Trustee's case concerns two deductions that the Trustee asserts the Debtors cannot claim: (1) the mortgage/rent expense reported in Part V, Subpart A, Line 20B of Debtor's Form 22A; and (2) support payments for their children attending college claimed in Part V, Subpart B, Line 35 of Debtor's Form 22A.

## A. DEBTORS' DEDUCTIONS

The Trustee and the Debtors disagree on the amounts the Debtors should be allowed to deduct as reported on Lines 20B, 23, 24, 25, 26, 34, 35, 42B, and 42C of Debtors' Form22A. But because the question of presumed abuse can be resolved by considering only the

---

[4] 11 U.S.C. §707(b)(2)(A)(i) provides that:
"In considering under paragraph (1) whether the granting of relief would be an abuse of provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of-
(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
(II) $10,000."
[5] 11 U.S.C. § 707(b)(2)(A)(ii)-(iv) sets forth the allowable expenses that are deducted from debtor's current monthly income to determine whether the presumption of abuse arises.
[6] *See* 11 U.S.C. §707(b)(7)(excluding from 11 U.S.C. §707(b)(2) debtors whose family income is equal or less than the applicable median family income).

-5-

mortgage/rent expense reported on Line 20B and the expense associated with the Debtor's support of their children at college reported on Line 35, the Court need not address the remaining disputed deductions contained on Lines 23, 24, 25, 26, 34, 42B, and 42C of Debtors' Form 22A.

Local Standards: Housing and Utilities; Mortgage/Rent Expense

Line 20B of Official Form 22A provides for insertion of an expense deduction for mortgage or rent expenses allowed by the Internal Revenue Service Local Standards to the extent the standard allowable expense exceeds the amount to be inserted on Line 42.[7] The Debtors claimed a Local Standards expense deduction for mortgage or rent expense in the amount of $938.00 on Line 20B of Debtors' Form 22A[8] without deducting the amount the Debtor's inserted on Line 42 as instructed by Form 22A.[9]

The Trustee asserts that the $938.00 deduction for mortgage or rent expense must be deleted from Line 20B because Debtors' Form 22A at Line 42 reflects that their actual home monthly mortgage payment of $1,290.35 is greater than the IRS Local Standards deduction for housing and rent. This adjustment comports with the requirements under 11 U.S.C. §707(b)(2)(A) for calculating the allowed deduction. When a debtor's actual expense for home mortgage payments exceeds the IRS Local Standards deduction for mortgage or rent expense, the debtor may not

---

[7] Line 42 of Official Form B22A allows debtors to deduct "future payments on secured claims."
[8] This figure was the IRS standard in effect on the petition date for housing and utilities in McKinley County, New Mexico for a household size of 5.
[9] Line 20B requires debtors to enter the Local Standards allowable expense for housing and utilities, and then subtract their actual average monthly payments and secured indebtedness. If the difference is a negative number, which it is in this case, the form instructs that the allowable expenses on Line 22A should be designated as zero. Here, the amount the Debtors' claimed on Line 20B is $938.00 and the Debtors inserted $1,290.35 on Line 42. Because the difference between $938.00 and $1,290.35 is less than zero, the form instructs that no deduction should be taken on Line 20B.

-6-

take both deductions.[10] To do so would be double dipping because it would result in taking two deductions for the same expense.

Here, because the Debtors' actual mortgage expense exceeds the standardized deduction, the Debtors were entitled only to deduct their actual home mortgage payments in the amount of $1,290.35 on Line 42 and not also the Local Standards deduction for mortgage or rent expense on Line 20B. Consequently, the Debtors' expenses for purposes of calculating monthly disposable income under 11 U.S.C § 707(b)(2) are reduced by $938.00, the amount inappropriately claimed on Line 20B.

<u>Continued Contributions to the Care of Household or Family Members</u>

On Line 35 of Debtor's Form 22A, Debtors claim a monthly expense deduction of $1,000.00 for contributions to the education of their children who attend college at the University of New Mexico in Albuquerque, New Mexico.[11] The Trustee asserts that expenses incurred for the Debtors' children to aid in their pursuit of post-secondary education are not allowable under 11 U.S.C § 707(b)(2). The Trustee contends that the expenses reported on Line 35 of Form 22A are limited to expenses related to elderly, chronically ill, or disabled members of a debtor's household or immediate family, and therefore the expense deduction taken for the educational expenses of the Debtor's adult children should be disallowed.

Line 35 of Form 22A instructs debtors to "[e]nter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to

---

[10] *See In re Jones*, 2008 WL 2676841,*3 (Bankr.E.D.Cal. 2008)(debtors not allowed to claim both the local standard and actual mortgage payments where actual mortgage payments exceed local standard.); *In re Budig*, 387 B.R. 12, 14 (Bankr.N.D.Iowa 2008)(same).

[11] Two of these children were over the age of 18 as of the petition date.

-7-

pay for such expenses." This instruction is based on 11 U.S.C. §707(b)(2)(A)(ii)(II), which provides:

> [t]he debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family…and who is unable to pay for such reasonable and necessary expenses.

11 U.S.C. § 707(b)(2)(A)(ii)(II).

The Debtors argue that the statute includes expenses for the care and support of a member of a debtor's immediate family who is unable to pay for such expenses. Based on the Debtors' reading of this provision, the family member in question need not be elderly, chronically ill or disabled, just unable to pay for his or her own care and support. The Court disagrees. The Debtors' interpretation is contrary to the language of the statute.

The plain meaning of the language of 11 U.S.C.§ 707(b)(2)(A)(ii)(II) is that for an expense to be allowable under that provision, (i) the expense must be the continuation of actual expenses paid by the debtor; (ii) the expense must be reasonable and necessary for care and support of an elderly, chronically ill, or disabled person; (iii) such person must be a member of the debtor's household or a member of the debtor's immediate family; and (iv) such person must be unable to pay for such reasonable and necessary expenses.[12] And, while this is an issue of first impression in New Mexico, several other courts that have analyzed the language in 11 U.S.C. § 707(b)(2)(A)(ii)(II) have reached the same conclusion.[13]

---

[12] *See In re Hicks*, 370 B.R. 919 (Bankr.E.D.Mo.2007)(holding that "the elements of Section 707(b)(2)(A)(ii)(II) are as follows: the expenses must be a continuation of actual expenses paid by the Debtor; and (i) the expenses must be reasonable and necessary for care and support of any elderly, chronically ill, or disabled (a) household member who is unable to pay for such expenses, or (b) member of the Debtor's immediate family (as defined by the statute) who is unable to pay for such expenses.").

[13] *See, e.g., In re Williams*, 424 B.R. 207 (Bankr. W.D.Va. 2010) (following *Hicks*); *In re Harris*, 415 B.R. 756, 761(Bankr.E.D.CA. 2009)(agreeing with the analysis set forth in *In re Hicks* and disallowing claimed deduction for adult daughter attending college and living away from home). *See also, In re Walker*, 383 B.R 830, 838 (Bankr. N.D.GA., 2008)(holding that debtor not entitled to deduct expenses of college-age son).

Here, the contributions to college expenses of the Debtors' adult children do not qualify as allowable expenses under 11 U.S.C. § 707(b)(2)(A)(ii)(II) because the Debtors' children are not elderly and there is no evidence before the Court to support a finding that any of the children are chronically ill or disabled. They are simply college students who are unable to pay all of their expenses.

Although Debtors did not expressly assert that Jenifer Linville's expenses should be allowed because of a disability, Shannon Linville testified that their eldest daughter has a learning disability and as a result needs to attend UNM's Albuquerque campus so she may obtain specialized help. Shannon Linville further testified that Jenifer originally attended UNM's Gallup campus, which permits her to live at home with her parents, but could not receive the specialized help she needs because of her disability. Shannon Linville testified that although Jenifer had been tested in high school for her learning disability, she needed to be but had not been retested in connection with attending a college. Jenifer testified that she is better off at UNM's Albuquerque campus because she has received the specialized help she needed. Jenifer took only one math class at the Gallup campus and did not receive the help she needed.

The Trustee introduced the testimony of Joan Green, Acting Director of Student Services for the UNM Gallup campus. Ms. Green testified that UNM provides accommodations for students with disabilities who attend college at the Gallup campus, including learning disabilities, based on documentation of the disability but that these services cannot be provided without documentation. The Debtors presented no evidence that Jenifer provided or attempted to provide to UNM any documentation of a learning disability while she attended the Gallup campus.

Even if reasonable and necessary expenses associated with a learning disability of an adult child could qualify as appropriate deductions under 11 U.S.C. § 707(b)(2)(A)(ii)(II), the evidence does not support a finding that the claimed expenses are reasonable and necessary expenses attributable to Jenifer's learning disability. The Debtors provided no documentation to establish that any extra costs they pay for Jenifer to attend college at UNM's Albuquerque campus rather than that Gallup campus relate directly to needed specialized accommodations for her learning disability not reasonably available to Jenifer at the Gallup campus. The Court, therefore, finds that the expenses incurred by the Debtors for college expenses of their daughter Jenifer are not an allowable as an expense deduction under 11 U.S.C. § 707(b)(2)(A)(ii)(II).

Based on the foregoing, the Court finds that the Debtors cannot include the claimed expense for care or support of an immediate family member on Line 20B of Debtor's Form 22A. Nor can the Debtors include the claimed expense for mortgage/rent reported on Line 35 of Debtors' Form 22A. Consequently, the Debtors fail the means test and the presumption of abuse arises.

## B. SPECIAL CIRCUMSTANCES

Once the presumption of abuse arises, if not rebutted, the presumption may result in the dismissal of the debtor's chapter 7 bankruptcy proceeding, or, with the debtor's consent, conversion of the case to a case under Chapter 11 or Chapter 13. To rebut the presumption the Debtors must present evidence of special circumstances under 11 U.S.C. § 707(b)(2)(B). Section 707(b)(2)(B)(i) requires a debtor to demonstrate the following: (1) special circumstances that justify an additional expense or income adjustment; and (2) that there is not a reasonable alternative for the expense or income adjustment.[14] Special circumstances is a fact-specific

---

[14] *See*, *In re Patterson*, 392 B.R. 497, 504 (Bankr. S.D.Fl. 2008)(explaining the substantive requirements that debtor (1) demonstrate special circumstances justifying additional expense or income adjustment and (2) demonstrate that

consideration made on a case by case basis.[15] Courts are given broad discretion in making the determination of whether special circumstances exist. Section 707(b)(2)(B)(i) provides a non-exclusive list of examples of what Congress found to be special circumstances, *i.e.* a medical condition and a call or order to active military service.[16] The statutory provision requires that the debtor itemize each additional expense or adjustment of income, and provide documentation and a detailed explanation demonstrating that the expense or adjustment is reasonable and necessary.[17]

Debtors urge that special circumstances exist to rebut the presumption of abuse. The Debtors assert that their children's attendance at college and the associated additional expenses are a special circumstance, arguing that their children will be unable to complete their college educations and receive their desired degrees unless they attend UNM's Albuquerque campus. They further assert that their children will be unable to attend UNM's Albuquerque campus without financial help from the Debtors for some of their living expenses.[18] The Debtors presented evidence of the reasonable of the college expenses incurred, and that UNM does not offer degrees at the Gallup campus in the subjects in which their children wish to major.

---

there is no reasonable alternative to making the additional expense or income adjustment); *In re Armstrong*, 2007 WL 1544591, at *2 (Bankr.N.D.Ohio, 2007)(finding special circumstance "is one that is out of the ordinary for an average family and leaves the debtor with no reasonable alternative but to incur the expense"); *In re Knight*, 370 B.R. 429, 437-438 (Bankr.N.D.Ga.2007)(where the Court explains that special circumstance "is one that if the debtor is not permitted to adjust her income or expenses accordingly, results in a demonstrable economic unfairness prejudicial to the debtor.")

[15] *In re Fonash*, 401 B.R. 143, 147(Bankr.M.D. Pa.2008)(citing *In re Champagne*, 389 B.R. 191, 200 (Bankr.D.Kan.2008); *In re Zahringer*, 2008 WL 2245864, *3 (Bankr.E.D.Wis.); *In re Turner*, 376 B.R. 370, 378 (Bankr.D.N.H.2007); *In re Knight*, 370 B.R. 429, 437 (Bankr.N.D.Ga.2007).

[16] *See In re Williams*, 424 B.R. 207, 216 (Bankr.W.D.Va. 2010)("Once the presumption of abuse is found, § 707(b)(2)(B) limits a debtor's ability to rebut that presumption to 'demonstrating special circumstances' that 'justify additional expenses or adjustments of currently monthly income.'")

[17] *See Williams*, 424 B.R. at 216.( "In order to establish 'special circumstances' a debtor must produce documentation for and an explanation of the special circumstances such that the Court, by a preponderance of the evidence, could find that the expense or adjustment to income is justified.")

[18] On the petition date, Debtors' youngest child, Jessica Linville, was a minor. Expenses attributable to Jessica for her support during her minority may be allowable as an expense necessary to the care of a dependent, but the Court need not address those expenses because they are immaterial to the Court's ruling on the Motion to Dismiss.

-11-

The majority of courts considering this issue hold that debtors cannot pay for college-related expenses for adult children.[19]  Specifically, courts find that "an adult child attending college is not a special circumstance that is out of the ordinary for an average family which leaves the Debtors with no reasonable alternative but to incur the expense."[20]  "Courts generally agree that educational expenses for adult children are discretionary; and are not expenses that should be foisted upon a debtor's pre-petition creditors."[21]

While the Court is sympathetic to the Debtors desire to provide their children financial assistance to enable them to attend college, the Debtors cannot do so at the expense of their creditors.  Under the facts of this case, payment of approximately $726.00 per month for the college expenses of the Debtors' adult children is not a special circumstance that justified the additional expense.  Consequently, the Court finds that the Debtors have failed to produce evidence of special circumstances sufficient to rebut the presumption of abuse.

## CONCLUSION

Because the presumption of abuse arises and has not been rebutted, the Court will enter an order granting the Motion and allowing the Debtors to file, within 20 days from the date of entry of the order, a motion to convert their case to one under Chapter 13.  If Debtors do not timely file a motion to convert, the Trustee may submit an order dismissing this case.

---

[19] *In re Baker*, 400 B.R.594, 599 (Bankr.N.D.Ohio, 2009); *Walker*, 383 B.R. at 833; *In re Ziegler*, 2009 WL 5943248,*3 (Bankr.D.Colo. 2009); *In re Pfahler*, 2007 WL 2156401 (Bankr.N.D.Ohio 2007).
[20] *See, Patterson*, 392 B.R. at 506 (determining that an adult child's college expenses are not a special circumstance)
[21] *Id.* at 506(citing *In re Staub*, 256 B.R. 567, 571 (Bankr.M.D.Pa.2000).  *See also*, *In re Richmond,* 144 B.R. 539, 542 (Bankr.W.D.Okla.1992) ("debtors' unsecured creditors should [not] be required to contribute to the voluntary support of family members who are not dependents of the debtors"); *In re Pfahler*, 2007 WL 2156401 (Bankr.N.D.Ohio, 2007)(finding debtor cannot pay expenses of his adult son away at college "at the expense of his unsecured creditors"); *In re Mattingly*, 2007 WL 1830805 (Bankr.S.D.Iowa, 2007)(finding debtors could not help pay for child's college expenses at the expense of their creditors.")

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: February 15, 2011

Copies to:
Gary B Ottinger
PO Box 1782
Albuquerque, NM 87103-1782
Attorney for Debtors.

Leonard K Martinez-Metzgar
Officer of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608